SEXTON, Judge.
The State of Louisiana, Department of Social Services appeals a judgment nullifying a mother’s voluntary surrender of her child to the state for adoption. Appellant contends the trial court erred in declaring the act of surrender null and void on grounds that the state did not notify the mother’s court-appointed attorney in an ongoing ehild-in-need-of-care proceeding of the surrender proceedings and in holding that the mother’s action to nullify the act of surrender was not barred by the statutory time limitations applicable to such actions. For the following reasons, the judgment of the trial court is reversed.
A ten-year old girl, “T.H.”, was removed from the home of her mother on April 10, 1992, by an instanter order of custody obtained by the district attorney’s office in Webster Parish pursuant to Art. 619 of Title VI, “Child in Need of Care,” of the Louisiana Children’s Code.
At the same time, the district attorney filed a petition initiating a ehild-in-need-of-care proceeding as required by La.Ch.C: Art. 631. A seventy-two hour hearing was set for April 13, 1992, to determine if the child should remain in custody of the state, and an attorney was appointed to represent the child. Petitioner also requested a contradictory hearing to determine why the child should not be made a ward of the court and taken into protective custody “with legal and physical custody placed with petitioner, subject to the supervision of the court until further orders.” The instanter order and petition were based upon allegations of abuse and neglect.
At the April 13, 1993, continued custody hearing, an attorney was appointed to represent the child’s mother, N.H., per La.Ch.C. Art. 608, and the hearing was rescheduled for April 16, 1993.
At the April 15 hearing and subsequent hearings on June 1, 1992, and September 28, 1992, the trial court ordered that the minor child remain in temporary custody of the state. During this period the child was placed in a foster home.
N.H. was assessed for child support in September of 1992. N.H. testified that the women from the support enforcement office told her in September of 1992 that she would be put in jail if she did not pay child support. N.H. contacted Mary Dettenheim of the Department of Social Services. Ms. Detten-heim had previously discussed the ehild-in-need-of-care proceedings with N.H. as well as the various options, including surrender, at a family team conference held when the proceedings began. Ms. Dettenheim testified that N.H. told her during that September telephone call that she could not pay child support and would surrender the child first. N.H. also contacted her attorney at that time regarding the payment of child’ support. Her attorney apparently unsuccessfully tried to obtain a waiver of child support for N.H.
On December 1, 1992, N.H. contacted Mary Dettenheim again and informed her that she wanted to surrender the child to the department. Subsequent to this phone call, Ms. Dettenheim scheduled two counseling sessions with a mental health counselor for N.H. pursuant to La.Ch.C. Art. 1120. The purpose of these counseling sessions is to ensure that the parent who executes the act of surrender has full knowledge of its consequences and to provide a greater insulation against an attempted annulment of a surrender. La.Ch.C. Art. 1120, Comment (a). N.H. attended the two counseling sessions on December 8 and December 10, 1992. N.H. contacted Ms. Dettenheim after the counseling sessions and stated that she definitely wanted to go through with the act of surrender. At no time during this period did N.H. contact her attorney regarding her intention to execute the act of surrender.
On January 7, 1993, N.H. executed a “Voluntary Act of Surrender” in the presence of two witnesses and Mary Dettenheim. The affidavit of Mrs. McCall, the mental health *38 counselor, was attached to the act. N.H.’s attorney was not notified of the execution of the act of surrender by the department, nor by N.H.
A dispositional hearing in the child-in-need-of-care proceeding was set for April 26, 1993. By happenstance, the day before the hearing, the child’s court-appointed attorney was in the office of N.H.’s attorney regarding an unrelated matter. This attorney mentioned to N.H.’s attorney that he had noticed the absence of his name and the mother’s name in the notice of the dispositional hearing set for April 26. N.H.’s attorney subsequently discovered that his client had executed the act of surrender.
On May 6, 1993, N.H. filed a petition for declaratory judgment praying that the act of surrender be declared null on grounds that the court-appointed attorney for N.H. was not given notice by the Department of Social Services of the surrender proceeding.
On May 17, 1993, the court ruled in favor of N.H., declaring that the act of surrender was null and void due to the department’s failure to notify N.H.’s attorney of the surrender proceeding. In so ruling, the court stated that nothing can be done that is detrimental to a parent’s right to a child or a child’s right to the parent without their counsel being notified in advance. The court also ruled that prescription did not begin to run on an action to nullify the surrender until April 26, 1993, the date that N.H.’s attorney found out about the surrender.
In its first assignment of error, appellant contends the trial court erred in declaring the voluntary act of surrender null and void because the court-appointed attorney for N.H. was not notified by the department that N.H. was going to execute a surrender in favor of the department. Hence, we are called upon to determine whether the Department of Social Services has a duty, statutory or otherwise, to notify the court-appointed attorney for a parent in a child-in-need-of-care proceeding of the parent’s intent to sign a voluntary act of surrender to the department.
Voluntary surrenders are governed by Title XI, “Surrender of Parental Rights,” of the Louisiana Children’s Code enacted by Act No. 235 of 1991, effective January 1, 1992. The question, then, is whether the provisions regarding voluntary surrender in Title XI of the Louisiana Children’s Code require legal representation or consultation with the surrendering parent in confecting a voluntary act of surrender. After reviewing the pertinent provisions of the Children’s Code, we conclude that legal representation or consultation with the surrendering parent is not required in agency surrenders.
Article 1121 of Title XI of the Children’s Code requires legal representation only in private surrenders. That article states, in pertinent part:
A. In all private surrenders, the surrendering parent and his representative, if applicable, or the child’s tutor, as provided in Article 1108, shall be represented at the execution of the act by an attorney at law licensed to practice law in Louisiana....
Comment (a) of that codal provision specifically states that Article 1121 “preserves the distinction made under former law between private and agency adoptions, requiring that independent counsel be provided to a surrendering parent in a private adoption.” La. Ch.C. Art. 1121, Comment (a).
By contrast, Article 1120 provides that “[pjrior to the execution of any surrender, a surrendering parent shall submit to a minimum of two counseling sessions relative to the surrender with a licensed social worker, licensed psychologist, licensed psychiatrist, or licensed counselor or counselor employed by a hospital, accredited mental health center, or licensed child placing agency.” La. Ch.C. Art. 1120. A (emphasis added). Moreover, the counselor is required to execute an affidavit attesting that the surrendering parent attended the sessions and understands the nature of the act.
\
In the case at bar, the appellee attended the required counseling sessions. Her counselor explained to her the nature of the act of surrender and its finality. N.H. testified that she fully understood the nature of the act of surrender and its finality. Although N.H. may have been under some pressure from child support enforcement *39 personnel to pay her child support assessment, we cannot say that this pressure to fulfill a legally-enforeeable obligation constituted the kind of duress that would render the act of surrender null under La.Ch.C. Art. 1147. See State, In Interest of M.B., 493 So.2d 198 (La.App. 5th Cir.1986).
N.H. asserts that La.Ch.C. Art. 1112 precludes the instant department action. This contention is unfounded for the same reasons that Article 1121 is inapplicable in this case— the Children’s Code distinguishes between agency surrenders and private surrenders. Article 1112 states:
A. Except as provided herein, a parent may not execute a private surrender once custody of that child has been removed from the parent by order of a juvenile court and the child has been placed in the legal custody of any person or agency or if the child is the subject of a pending termination of parental rights proceeding.
B. Upon notice to the department and after a contradictory hearing, if requested by the department, a parent may, with approval of the court, execute a private surrender of a child in the legal custody of the department to the foster parent with whom the child was placed by the department.
(Emphasis added.)
As the comment to Article 1112 makes clear, the article is intended to prevent a parent from surreptitiously executing a private surrender to a third party after the state has obtained custody of the child or has begun a termination of parental rights proceeding against the parent. The reason is obvious, if a parent could execute a private surrender for adoption without judicial approval while a child is in the custody of the state or pending a termination of parental rights proceeding, the purpose of the state intervention on behalf of the child would be undermined. Hence, in this situation, a private surrender can be executed only after judicial approval and after a contradictory hearing, if requested by the department.
We are buttressed in our view by the jurisprudence decided under the former statutes governing voluntary surrenders, La.R.S. 9:402 (agency surrenders) and La.R.S. 9:422.3-422.8 (private surrenders). The contrast between private surrenders and agency surrenders is, as the comments to the pertinent Children’s Code articles indicate, brought forward essentially intact from this prior law. We therefore find the prior jurisprudence to be persuasive.
The facts in State, In Interest of T.C., 552 So.2d 1369 (La.App. 5th Cir.1989), are virtually indistinguishable from the instant ease. That court held that an act of surrender executed by the mother in compliance with the statute was valid even though the mother’s court-appointed attorney had not been notified. In reversing the juvenile court decision setting the surrender aside because the mother’s court-appointed attorney was not present, the fifth circuit held the surrender legally valid despite the absence of the mother’s court-appointed attorney. The court stated: “The law is clear that no attorney was required to be present at the execution of the act of surrender in favor of the Department.” State, In Interest of T.C., supra at 1371.
The appellate court relied on the language of La.R.S. 9:402, which does not require the presence of an attorney representing the surrendering parent in an agency surrender. The court also relied on Golz v. Children’s Bureau of New Orleans, Inc., 326 So.2d 865 (La.1976). In Golz, the supreme court held that any failure by the parents to consult legal counsel during their relationship with the bureau handling the adoption did not render the act of surrender executed by them invalid. The court specifically stated that it was unaware of any constitutional authority requiring that parties be represented by counsel in voluntary surrenders. Golz, supra at 871; see also, State, In Interest of M.B., supra.
For these reasons, we conclude that the law does not require that the department send notice of N.H.’s intent to voluntarily surrender the child or of the execution of the act of surrender to the attorney appointed for N.H. in the child-in-need-of-care proceedings. Therefore, we hold that the trial court erred in nullifying the act of surrender.
*40 Appellant also argues that the court erred in ruling that prescription did not begin to run on an action to nullify the proceeding until N.H.’s attorney got notice of the act of surrender on April 25, 1993. Because we hold that neither independent legal counsel, nor a contradictory hearing is required to execute a valid act of surrender to an agency, it is unnecessary for us to reach a decision on this issue.
Accordingly, because we find the act of surrender to be valid, the judgment of the trial court is reversed. Judgment is hereby awarded to the defendant, rejecting plaintiffs demands.
REVERSED.